1
2
3
4
5
6       IN THE UNITED STATES DISTRICT COURT
7
8       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    INGRID VON MANGOLT HILLS,

10        Plaintiff,                          No. C 06-03300 JSW

11   v.

12   INTENSIVE AIR, INC., et al.,           **ORDER (1) GRANTING IN PART
                                            AND DENYING IN PART
13        Defendants.                       INTENSIVE AIR, INC.'S MOTION
                                            TO DISMISS AND (2) GRANTING
14                                          IN PART AND DENYING IN
                                            PART MOTION TO STRIKE**
15   _____/

16        Now before the Court is the motion to dismiss and the motion to strike the prayers for

17   punitive damages filed by Intensive Air, Inc.  The Court finds that these matters are appropriate

18   for disposition without oral argument and the matters are deemed submitted.  *See* Civ. L.R. 7-

19   1(b).  Accordingly, the hearing set for February 16, 2007 is VACATED.  Having carefully

20   considered the parties' arguments and relevant legal authority, the Court hereby grants in part

21   and denies in part Intensive Air's motions.

22                              **BACKGROUND**

23        This action arises out of the transport of Reuben W. Hills III ("Mr. Hills") from Verde

24   Valley Medical Center in Cottonwood, Arizona to Saint Mary's Medical Center in San

25   Francisco, California.  Plaintiff Ingrid von Mangoldt Hills ("Plaintiff") is Mr. Hills' widow.

26   When he was still alive and staying in Sedona, Arizona, Mr. Hills suffered from a severe asthma

27   attack, resulting acute respiratory failure.  (Compl., ¶ 11.)  When his conditioned stabilized,

28   Mrs. Hills contracted with Intensive Air to transport Mr. Hills from the medical center in

**United States District Court**

1   Arizona to the one in San Francisco.  (*Id*. at ¶ 14.)  Plaintiff alleges that Intensive Air then

2   subcontracted with Medical Air to transport Mr. Hills.  (*Id*. at p. 3.)  The Court will address

3   additional specific facts as required in the analysis.

4        Intensive Air now moves to dismiss several, but not all, of Plaintiff's claims for failure

5   to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure

6   12(b)(6).  Intensive Air also moves to strike Plaintiff's prayers for punitive damages pursuant to

7   Federal Rule of Civil Procedure 12(f).

8                                **ANALYSIS**

9   **A.        Applicable Legal Standards.**

10       A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

11   pleadings fail to state a claim upon which relief can be granted.  A motion to dismiss should not

12   be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting

13   his or her claim.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  Thus, dismissal is proper "only

14   if it is clear that no relief could be granted under any set of facts that could be proved consistent

15   with the allegations."  *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984).  The complaint is

16   construed in the light most favorable to the non-moving party and all material allegations in the

17   complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The

18   court, however, is not required to accept legal conclusions cast in the form of factual allegations,

19   if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult

20   Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S.

21   265, 286 (1986)).

22       Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any

23   pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

24   matter."  Immaterial matter "is that which has no essential or important relationship to the claim

25   for relief or the defenses being pleaded."  *California Dept. of Toxic Substance Control v. ALCO

26   Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations

27   omitted).  Impertinent material "consists of statements that do not pertain, or are not necessary

28   to the issues in question."  *Id*.  Motions to strike are regarded with disfavor because they are

United States District Court

1   often used as delaying tactics and because of the limited importance of pleadings in federal

2   practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). The

3   possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause

4   the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient

5   to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F.

6   Supp. at 1028.

7   **B.     Intensive Air's Motions.**

8           Intensive Air moves to dismiss the following five of Plaintiff's claims: elder abuse,

9   intentional infliction of emotional distress, negligent infliction of emotional distress, assault,

10  and battery. Intensive Air also moves to strike the paragraphs in Plaintiff's complaint in which

11  she seeks punitive damages. Plaintiff does not oppose the motion to dismiss as to her claims for

12  assault and battery. (Opp. at 1.) Accordingly, the Court grants Intensive Air's motion as to

13  those two claims.

14          **1.     Plaintiff's Elder Abuse Claim.**

15          Plaintiff alleges a claim for elder abuse pursuant to California Welfare and Institutions

16  Code § 15657. "The elements of a cause of action under the Elder Abuse and Dependent Adults

17  Act, section 15600 *et seq.* (hereinafter the Elder Abuse Act) are statutory... ." *Intrieri v.*

18  *Superior Court,* 117 Cal. App. 4th 72, 82 (2004). To state a claim of elder abuse, a plaintiff

19  must allege facts showing the defendant (1) subjected an elder to statutorily-defined physical

20  abuse, neglect, or financial abuse; and (2) acted with recklessness, malice, oppression, or fraud

21  in the commission of the abuse. *See* Welf. & Inst. Code §§ 15610.63, 15610.57, 15610.30,

22  15657.

23          Intensive Air argues that because, as Plaintiff alleges, Intensive Air contracted with

24  Medical Air to transport Ms. Hills, it was Medical Air and not Intensive Air, who had custody

25  or control over Mr. Hills. It thus follows that Medical Air, or its employees, committed of the

26  alleged acts of neglect or abuse. However, the Court cannot conclude as a matter of law at this

27  procedural stage that Intensive Air is not liable for any of the acts committed by Medical Air or

28  its employees. Therefore, the Court denies Intensive Air's motion as to the elder abuse claim.

**United States District Court**

**2.     Plaintiff's Claim for Intentional Infliction of Emotional Distress.**

Plaintiff alleges a claim for intentional infliction of emotional distress against Intensive Air.  The elements of a claim for intentional infliction of emotional distress are: (1) outrageous conduct by the defendant with intention to cause or reckless disregard of the probability of causing emotional distress; (2) severe emotional suffering; and (3) actual and proximate causation of the emotional distress.  *See, e.g. Cochran v. Cochran*, 64 Cal. App. 4th 488, 494 (1998).

Intensive Air moves to dismiss the intentional infliction claim on several grounds, including that Plaintiff failed to allege that Intensive Air's alleged acts were intended to cause emotional distress.  A plaintiff who brings a claim of intentional infliction of emotional distress based on witnessing the injury of another must overcome a "substantial hurdle."  *Coon v. Joseph*, 192 Cal. App. 3d 1269, 1272-73 (1987) (citing *Ochoa v. Superior Court*, 39 Cal. 3d 159 (1985)).  To state a claim for intentional infliction of emotional distress, a plaintiff must allege conduct "which is *especially calculated to cause*, and does cause, mental distress of a very serious kind."  *Ochoa*, 39 Cal. 3d at 165 n. 5 (emphasis in original); *see also Christensen v. Superior Court*, 54 Cal. 3d 868, 904 (1992) (noting that "[t]he requirement that the defendant's conduct be directed primarily at the plaintiff is a factor which distinguishes intentional infliction of emotional distress from the negligent infliction of such injury.").  Moreover, when a plaintiff seeks to state such a claim based on witnessing conduct directed toward a third person, "recovery – to the extent it has been allowed at all – 'has been limited to the most extreme cases of violent attack, where there is some especial likelihood of fright or shock.'" *Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 130 (2002) (quoting *Christensen*, 54 Cal. 3d at 905).

In *Ochoa*, parents of a minor who died while confined in a juvenile facility filed a lawsuit.  They alleged that they suffered extreme mental and emotional distress when they visited their son after he fell ill with pneumonia.  They observed him feeling severely ill and being in extreme pain.  *Id*. at 163. The mother in particular saw her son screaming, complaining of excruciating pain, vomiting, convulsing, hallucinating, and coughing up blood.  *Id*. at 163-64. The parents repeatedly spoke with authorities at the juvenile facility in an attempt to get him

United States District Court

4

1   proper medical attention. The mother pleaded to be able to take her son to her private doctor but

2   was not permitted. *Id*. Despite the fact that the authorities at the juvenile detention center

3   caused the parents "untold distress," the Supreme Court found that the "defendants acted

4   negligently rather than with the purpose of causing the plaintiffs emotional distress." *Id*. at 165

5   n.5.

6       Here, Plaintiff is seeking to state a claim for intentional infliction of emotional distress

7   based on her witnessing the alleged treatment of her now deceased husband. Plaintiff has not

8   alleged any facts from which it could be inferred that Intensive Air or Medical Air acted with

9   the purpose of causing *Plaintiff* emotional distress. More importantly, Plaintiffs' alleged acts do

10  not involve a violent attack. Accordingly, the Court finds that Plaintiff has not and cannot state

11  a claim for intentional infliction of emotional distress and thus, grants Intensive Air's motion as

12  to this claim.

13      **3.      Plaintiff's Claim for Negligent Infliction of Emotional Distress.**

14      Plaintiff also alleges a claim for negligent infliction of emotional distress. "[T]he

15  negligent causing of emotional distress is not an independent tort but the tort of negligence."

16  *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989) (quoting 6

17  Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 838, p. 195 (emphasis omitted)).

18  Accordingly, Plaintiff must establish the traditional elements of a tort claim, namely that (1)

19  Intensive Air owed her a duty of care, (2) it breached that duty, and (3) caused her damages. *Id*.

20  Intensive Air argues that Plaintiff failed to that it owed any duty to Plaintiff or that such duty

21  was breached.

22      With respect to claims for negligent infliction of emotional distress, California courts

23  have distinguished between "bystander" and "direct victim" cases. Plaintiff is proceeding under

24  a theory of bystander liability. The California Supreme Court has explained that "'bystander'

25  cases ... address 'the question of duty in circumstances in which a plaintiff seeks to recover

26  damages as a percipient witness to the injury of another.'" *Burgess v. Superior Court*, 2 Cal. 4th

27  1064, 1072 (1992) (quoting *Christiansen v. Superior Court*, 54 Cal. 3d 868, 884 (1991)).

28  Liability in bystander cases "is premised upon a defendant's violation of a duty not to

United States District Court

5

1   negligently cause emotional distress to people who observe conduct which causes harm to

2   another." *Id.* at 1073.

3           To avoid potentially limitless cases, California restricts the class of potential plaintiffs in

4   bystander cases to a person who: "(1) is closely related to the injury victim, (2) is present at the

5   scene of the injury-producing event at the time it occurs and is then aware that it is causing

6   injury to the victim and, (3) as a result suffers emotional distress beyond that which would be

7   anticipated in a disinterested witness." *Id.* (citing *Thing v. La Chusa*, 48 Cal. 3d 644, 647

8   (1989)).  Plaintiff has alleged facts demonstrating she meets all three restrictions.  Intensive Air

9   does not argue or demonstrate otherwise.  Accordingly, the Court denies Intensive Air's motion

10  to dismiss as to Plaintiff's claim for negligent infliction of emotional distress.

11          **4.      Punitive Damages**.

12          Intensive Air also moves to strike paragraphs 35, 41, 48, 53, 60, 67 of Plaintiff's

13  complaint.  Because the Court is granting its motion to dismiss Plaintiff's claims for assault,

14  battery, and intentional infliction of emotional distress, Intensive Air's motion to strike as to

15  paragraphs 48, 60, and 67 is now moot.  Moreover, Plaintiff does not oppose Intensive Air's

16  motion to strike as to paragraph 53, and thus, the Court grants Intensive Air's motion to strike as

17  to that paragraph.[1]

18          Intensive Air argues that Plaintiff's allegations all arise from and relate to the rendering

19  of professional services, and thus, the requirements of California Code of Civil Procedure

20  section 425.13(a) ("section 425.13(a)") apply.  Section 425.13(a) provides in pertinent part:

21
22          In any action for damages arising out of the professional negligence of a health
            care provider, no claim for punitive damages shall be included in a complaint or
            other pleading unless the court enters an order allowing an amended pleading that
23

24          _____

            [1]  Plaintiff states that she does not oppose the motion to dismiss as to the assault and

25  battery claims and the motion to strike as to paragraphs 53 and 60.  Paragraphs 53 and 60 are
    the prayers for punitive damages pursuant to her claims for negligent infliction of emotional

26  distress and assault, respectively.  It is not clear whether Plaintiff's non-opposition with
    respect to paragraph 53 is a typographical error and whether she meant to agree to strike the

27  requests for punitive damages under her claims for assault and battery instead.  Nevertheless,
    any mistake would be harmless because a plaintiff cannot recover punitive damages based on
    negligent conduct. *See Grieves v. Superior Ct.,* 157 Cal. App. 3d 159, 166 (1984) (directing

28  trial court to grant motion to strike punitive damages where plaintiff alleged only negligence
    and no intentional conduct).

1    includes a claim for punitive damages to be filed. The court may allow the filing
2    of an amended pleading claiming punitive damages on a motion by the party
     seeking the amended pleading... .

3    However, "section 425.13's limitations on damages arising out of professional negligence ...

4    were not meant to burden those who pursue the cause of abused elderly persons ... under the

5    Elder Abuse Act." *Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771, 783 (2004).

6         The California Supreme Court distinguished claims for neglect under the Elder Abuse

7    Act from professional negligence: "As used in the [Elder Abuse] Act, neglect refers not to the

8    substandard performance of medical services but, rather, to the 'failure of those responsible for

9    attending to the basic needs and comforts of elderly or dependent adults, regardless of their

10   professional standing, to carry out their custodial obligations.'" *Id*. at 783 (quoting *Delany v.*

11   *Baker*, 20 Cal. 4th 23, 34 (1999)).  The court further explained:

12        Elder abuse as defined in the [Elder Abuse] Act, even when committed by a
          health care provider, is not an injury that is "directly related" to the provider's
13        professional services. ... As a failure to fulfill custodial duties owed by a
          custodian happens also to be a health care provider, such abuse is at most
14        incidentally related to the provider's health care services.
          That is, claims under the Elder Abuse Act are not brought against health care
15        providers in their capacity as providers but, rather, against custodians and
          caregivers that abuse elders and that may or may not, incidentally, also be heath
16        care providers.

17   *Id*. at 786.  Thus, the Supreme Court held that the procedural prerequisites for punitive damages

18   in an action arising out of the professional negligence of a health care provider pursuant to

19   section 425.13 did not apply to a request for punitive damages pursuant to a claim alleging elder

20   abuse. *Id*. at 788-90.

21        Here, Plaintiff alleges, *inter alia*, that when Mr. Hill was in the custody and care of

22   Intensive Air and Medical Air, they left him unprotected from the elements.  He was left on a

23   gurney on the airport tarmac for approximately thirty minutes exposed to the sun when it was

24   over 100 degrees Fahrenheit. (Compl., ¶ 18.)   As a result, Mr. Hills became badly sunburned

25   and suffered from being exposed to the extreme heat.  (*Id*.)  Plaintiff thus alleges a "failure of

26   those responsible for attending to the basic needs and comforts" of Mr. Hill "to carry out their

27   custodial obligations."  *See Covenant Care*, 32 Cal. 4th at 783.  Therefore, the Court finds that

28   section 425.13 does not apply to Plaintiffs' elder abuse claim and wrongful death claim to the

United States District Court

7

1   extent it is premised on the same allegations.  Accordingly, the Court denies Intensive Air's

2   motion to strike as to paragraphs 35 and 41.

3                                              **CONCLUSION**

4          For the foregoing reasons, Intensive Air's motion to dismiss and motion to strike are

5   granted in part and denied in part as follows:

6          (1)     The motion to dismiss is GRANTED as to Plaintiff's claims for intentional

7                  infliction of emotional distress, assault, and battery;

8          (2)     The motion to dismiss is DENIED as to Plaintiff's claims for negligent of

9                  emotional distress and elder abuse.

10         (3)     The motion to strike paragraphs 48, 60, and 67 is DENIED as moot;

11         (4)     The motion strike as to paragraph 53 is GRANTED; and

12         (5)     The motion to strike paragraphs 35 and 41 is DENIED.

13         **IT IS SO ORDERED.**

14

15  Dated:  February 15, 2007                    _____

16                                               JEFFREY S. WHITE
                                                 UNITED STATES DISTRICT JUDGE
17

18  **United States District Court**

19

20

21

22

23

24

25

26

27

28