IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID VON MANGOLT HILLS,<br><br>    Plaintiff,<br><br>  v.<br><br>INTENSIVE AIR, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 06-03300 JSW<br><br>**ORDER CONDITIONALLY GRANTING TOPLEN'S MOTION TO WITHDRAW AS COUNSEL** |

This matter comes before the Court upon consideration of Farley S. Toplen's ("Toplen") motion to withdraw as counsel for cross-defendant and cross-complainant Medical Air Resources, LLC. ("Medical Air"). Medical Air has not submitted an opposition to the motion. The Court has reviewed the parties' papers and relevant legal authority and has had the benefit of oral argument.

The Court finds that good cause exists to warrant Toplen's request to withdraw from representing Medical Air based on its failure to communicate with Toplen and its failure to pay attorneys' fees. However, Medical Air is a corporation and cannot represent itself. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); Civil Local Rule 3-9(b). Nor has Medical Air has not filed a substitution of counsel, despite having notice of Toplen's motion to withdraw.

Where, as here, withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel, leave to withdraw may be subject to the condition that papers continue to be served on counsel unless and until the client appears by

other counsel. *See* Civ. L.R. 11-5(b) (stating that when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel . . . leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel).

Therefore, the Court conditionally GRANTS Toplen's motion to withdraw with respect to Medical Air upon the condition that the withdrawal will not be effective until October 24, 2008, or until substitute counsel makes an appearance, whichever occurs sooner. Any documents pertaining to this action will continue to be served on Toplen for forwarding purposes until October 24, 2008, or until substitute counsel has entered an appearance.

Because a corporation cannot represent itself, Medical Air must file a substitution of attorney by no later than October 24, 2008. Medical Air is admonished that failure to retain substitute counsel may result in the Court entering a judgment against it and may result in the Court dismissing its cross-claims without prejudice based on its failure to obtain counsel and failure to prosecute.

Toplen is HEREBY ORDERED to serve this Order upon Medical Air, by no later than September 26, 2008, and file proof of such service with the Court by September 30, 2008.

**IT IS SO ORDERED.**

Dated: September 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2